[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was first initiated incident to a summons and complaint dated September 21, 1998 and returnable October 13, 1998 in which complaint the plaintiff sought a dissolution of the marriage, custody of the one remaining minor child, an equitable distribution of the parties' property, both real and personal, temporary and permanent support, counsel fees, restoration of her maiden name of Janis P. LaCourse, and such other relief as the court felt would be proper.
A financial statement accompanied the complaint as well as preliminary motions.
The defendant appeared by counsel on October 9, 1998, and at that time, filed an answer to the complaint and a cross complaint, in which cross complaint the defendant sought a CT Page 14111 dissolution of the marital union, an order concerning custody of the minor child and an equitable division of all real and personal property.
A stipulation was executed by the parties bearing date of November 2, 1998 as concerns the one minor child, use of the marital home, child support and provision as to debts.
The defendant filed a financial affidavit on November 2, 1998.
On March 2, 1999 a motion to modify child support pendente lite and a motion to modify contribution to household expenses was filed by the defendant but the same does not appear to have been acted upon.
On October 15, 1999 the plaintiff and the defendant, with their respective attorneys and witnesses, appeared before the court and the matter was heard to a conclusion.
The Court makes the following findings of fact.
The plaintiff and the defendant were united in marriage on July 12, 1975 in Groton.
The plaintiffs maiden name was LaCourse.
Both parties have resided in the State of Connecticut for more than 12 months prior to the initiation of the petition.
The plaintiff and the defendant have at present one minor child issue of their marriage, Michelle Rene Beeney, born January 30, 1982. No other minor children have been born to the plaintiff wife since the date of the marriage.
Neither party has been the recipient of assistance from the State of Connecticut or any municipality or subdivision thereof
It appears that the marriage has irretrievably broken down with no reasonable prospect for reconciliation.
The testimony of the plaintiff indicates that the only common bond between the parties at this time are the children issue of this marriage. CT Page 14112
There has apparently been, of late, no effort to try and preserve the marital union.
The plaintiff at an earlier point sought counseling, tried to improve the problems in the marriage and attended as many as six to eight sessions incident thereto.
The plaintiff in September of 1998 left the marital home with the minor child Michelle Rene.
There are two other children issue of this union; Lisa Beeney, age 22, presently residing in Arizona and Scott Beeney, who at present, resides with the plaintiff.
The son Scott Beeney attends college.
The minor daughter Michelle will graduate from high school in June of 2000.
The plaintiff testified that she is not desirous of having her maiden restored nor is she seeking alimony from the court.
The plaintiff is age 42 and indicates that her health is good.
In July of this year the marriage is of 24 years duration.
The defendant has medical problems and difficulties, more particularly, the fact that he experiences seizures in the night, sometimes being afflicted with six or seven in one evening. These seizures have effected the defendant's health.
On occasion, the defendant has been unable to attend his regular work duties because of the problems attendant to the seizures.
On occasion, the defendant has been hospitalized for this condition. The defendant has in the past and at present works for General Dynamics/Electric Boat.
The plaintiff has worked two jobs for a considerable period of time in order to try and provide financial stability in the family.
The plaintiff has been employed since 1982 in various tasks CT Page 14113 as a waitress, doing babysitting and working at an insurance agency as a customer service representative. The plaintiff is now a licensed insurance agent. The plaintiff was formerly employed by the Parks Insurance Agency. Her present employer is the Sound Insurance Agency.
The plaintiff has acquired considerable expertise and experience as an insurance agent. Two weeks ago at a meeting with her employer, she learned that an insurance organization known as Amica has purchased her agency and there is a possibility that her employment may be terminated.
The plaintiff and the defendant own a home and certain real estate known as 120 Mitchell Street in Groton. According to the testimony, there is an outstanding first mortgage on the property in the amount of $88,036.00, and a second mortgage in the amount of $5,938.00.
The plaintiff feels on the basis of present market conditions, mindful of the encumbrances noted, that there is very little or zero equity in the real estate.
The plaintiff described the relationship between the plaintiff and the defendant as having great tension.
Since September of 1998 when the plaintiff left the home with the minor child and with the adult child, Scott, the plaintiff has been paying the defendant $200.00 monthly toward keeping the mortgage obligations current.
The plaintiff moved back to the residence in April of 1999 due to financial constraints.
The plaintiff is currently paying all expenses attendant to the subject real estate and the defendant is contributing $200.00 monthly to her.
The plaintiff is desirous of keeping and maintaining the home for herself and the minor child. The plaintiff is willing to assume the debts and obligations that are presently attached to the real estate.
The plaintiff wishes to retain her automobile and personal property and is desirous of having the court award her a suitable percentage of her husband's vested or prospective pension CT Page 14114 benefits.
The plaintiff at this juncture has no retirement plan to which she can resort. The plaintiff has no present medical coverage incident to her present position. The plaintiff has relied on the defendant's medical coverage incident to his continued employment at Electric Boat.
The plaintiff anticipates that in January 2000 she may be covered insofar as medical insurance is concerned, but is desirous in the interim of having the privilege at her own expense to have such coverage as Cobra provides incident to her husband's employment.
The plaintiff is desirous of having life insurance presently covering the defendant be maintained and continued with the children being the beneficiaries.
The residence at 120 Mitchell Street, Groton, according to the plaintiffs testimony is in need of electrical rewiring, she has indicated that all of the rooms in the residence are not finished, that the property needs painting. The plaintiff does not presently have the requisite funds to correct the deficiencies in the home.
The plaintiff acknowledged that during the course of the marriage that the defendant helped in maintaining the home, cleaning and cooking.
The plaintiff acknowledged that the defendant's medical condition contributed to the problems in the marriage.
Four years ago the defendant underwent a series of tests at Yale New Haven with regard to trying to determine the source of the nocturnal seizures to which he was subject.
During the defendant's stay at Yale New Haven the plaintiff visited him every other day.
Apparently the lines of communication between the plaintiff and the defendant have not existed for a considerable period of time and there are feelings of considerable hostility.
The adult child Scott, now age 18, had a problem with regard to the immoderate use of alcohol, which is hopefully being CT Page 14115 addressed.
At the referenced real estate, 120 Mitchell Street, there are four bedrooms in the residence.
A co-worker of the plaintiff, as of September 1999, was paying $300.00 a month for partial residency in the premises but this will be terminated shortly.
The adult child Scott recently ran for political office in the area and was successful. He is presently an employee now of the City of Norwich at age 19.
At some time in the past, the defendant suffered a back injury at Electric Boat and subsequently received the sum of $7,000.00, which monies were expended for various purposes.
In the plaintiff's work as a licensed insurance agent, she receives a stated compensation and is not on a commission basis.
The second mortgage on the property was in the main used for the daughter Lisa's wedding, which cost some $6,000.00.
While under the same roof there were problems between the plaintiff and the defendant where they did not speak or communicate, one with the other, frequent arguments and loud speech.
Approximately 12 years ago the plaintiff filed a petition for dissolution but it was subsequently withdrawn.
The defendant, incident to his work at Electric Boat, is on a restricted duty status.
The monthly mortgage payment on the first mortgage is to the amount of $830.00 and $50.00 on the second mortgage, which includes tax, escrow and insurance.
If, as anticipated, the plaintiff by virtue of the takeover of the agency with which she has been employed by Amica occurs, she may have the option of moving to Amica's office in Glastonbury.
The plaintiff's education extended through high school. CT Page 14116
During the ownership by the parties of the subject real estate, the defendant has apparently made extensive repairs and improvements, including rebuilding the kitchen, sanding floors, sheetrock work, electrical work, carpeting and a new deck on the rear of the premises. The last repair project was two years ago.
The defendant indicated that he would not oppose the court granting title to the subject real estate to the plaintiff if it appeared appropriate to do so.
The defendant maintains contact with and visits the 17 year old daughter, Michelle Rene, indicates that he has an abiding love and affection for the young lady.
The defendant felt that there was a marked difference of opinion with regard to raising the children and that this created problems as well as alcohol problems with the son Scott.
The defendant and the adult child Scott participated in counseling with regard to trying to solve Scott's problems with alcohol.
The adult son Scott has attended Eastern Connecticut University, has had some problems with regard to keeping up with his classes, has now applied for admission to the University of Connecticut at Avery Point.
There was some conflict between the plaintiff and the defendant with regard to conduct of the minor child, Michelle Rene, incident to her friendship with a boyfriend.
The defendant testified that he has a serious problem with an arterial sclerotic condition and has had medical procedures involving probes into the brain.
The defendant indicated that he has had a seizure as recently as this last week and has been advised medically that he suffers from a severe hardening of the arteries.
One month ago the defendant had a seizure episode where he blacked out requiring his being taken to Lawrence and Memorial Hospital for treatment. In addition, he has a serious cholesterol problem.
The defendant has a regimen of medication for every day. In CT Page 14117 addition, he has a heart problem that was diagnosed six or seven years ago.
With reference to the aforementioned injury that he received while working at Electric Boat, he was out of work for three years. He presently has a 10% disability as a result of that injury and his work is restricted as concerns matters of lifting, duration of hours, and so forth.
The defendant first became employed at Electric Boat in April of 1974.
He is a model joiner. He participates in the preparation of full scale models and mockups of submarines and works 40 hours a week. No overtime is presently available.
The defendant does not have a second job at this time due to health problems.
In March of 2000 it is anticipated that the model shop at Electric Boat may be shut down resulting in employment problems for those in the department including the defendant.
The defendant is a high school graduate. He is age 45.
The defendant has no skills other than model joining.
The defendant resides at present with a friend and co-worker, one Gary Moon, in Stonington in a trailer.
Defendant pays $125.00 weekly to Moon for the privilege of his residency there.
Prior to residing with Moon the defendant had moved in with his elderly father but that created a stressful situation which was terminated.
Some time ago the adult son Scott damaged the defendant's S10 Chevrolet pickup to the amount of $1,000.00.
The defendant, while he has medical coverage at Electric Boat, his medications are not covered.
He is presently engaged in counseling with Dr. Ruffner at $15.00 a visit. CT Page 14118
At the hearing on this matter the plaintiff produced a witness by the name of Mary Stober. Mary Stober is a real estate broker and agent. She is familiar with the premises known as 120 Mitchell Street in Groton. She has listed the home for sale. She testified that the title was in the joint names of the parties.
The first listing occurred on August 19, 1998 when the property was listed at $118,000.00.
The witness did a market analysis with regard to the premises.
The witness showed the premises on six occasions. No offers to purchase were received. The price was lowered to $109,500.00. Fourteen showings resulted at this price over three months. No offers were received.
In February 1999 the price was further lowered to $105,000.00 and advertised at that figure. It was shown seven or eight times. No offers were received.
In June of 1999 the price was raised to $109,500.00. There have been two viewings, no offers.
The property has been shown a total of 31 times.
There are apparently problems with regard to the location of the property, which is situated close by a busy road or highway and that for this type of property prospective purchasers would need government financing, needed repairs apparently would be costly, including matters pertaining to peeling paint, electrical rewiring, replacement of windows, problems of plumbing and heating.
The witness Stober has been a licensed broker for 15 years and engages in 30 to 40 sales a year.
The witness valued the property at the present time at between $90,000.00 and $100,000.00. The premises are not presently on the market.
If rented, the witness Stober indicated that a fair rental value might be $600.00 to $700.00 monthly. CT Page 14119
From the exhibits, the Court finds Plaintiff's Exhibit 1 confirms the court testimony of the witness Stober with regard to the listing of the property, the various price changes, the number of showings and matters of like nature.
See Plaintiff's Exhibit 2 with regard to statement of retirement account as concerns the plaintiff indicating its year-end value as of 12/31/98 to the amount of $67.39.
See Plaintiff's Exhibit 3, statement from the Washington Trust, first mortgagee, verifying the monthly payments on that mortgage of $838.10, and indicating a principal outstanding balance on said mortgage of $88,613.59.
See Plaintiff's Exhibit 4, statement from General Dynamics, concerning hourly rate employee's retirement plan indicating total monthly accrued benefit of $831.25 in favor of the defendant based on the number of months of his employment.
Said Plaintiff's Exhibit 4 also reflects present value of monthly pension benefits to the amount of $43,652.00.
In the same exhibit, there being a breakdown with regard to pension plan benefits at age 62 and age 55; insofar as age 55 is concerned, the present value of monthly pension benefits is to the amount of $62,430.00.
See also Plaintiff's Exhibit 5 with regard to retirement and group insurance.
See also Plaintiff's Exhibit 7 concerning disability retirement.
From Defendant's Exhibit A the Court finds on the basis of a medical statement from Dr. Mary Murphy-Fiengo of Gales Ferry that the defendant in fact is subject to seizure disorders described as complex partial type requiring three medications for control; Lamictal, Tegretol and Dilantin. The defendant has Diffuse Arthogenic Disease including ASHD, cardiac catherization (March 99), single vessel disease. Defendant is also afflicted with Carotid Artery Disease and has a history of hyperlipidemia type IV. Defendant suffers from severe peripheral vascular disease and aeortoiliac bypass 10/96 and Left Femoral Bypass. The defendant is presently on the following medications: Lamictal, Ttricor, Lopressor, Tiolid, Dilantin and Tegretol. CT Page 14120
From the financial affidavits of the parties, including Defendant's Exhibit B, the Court finds that the defendant is employed by General Dynamics/Electric Boat Division, that his weekly gross is $654.80, deductions for taxes, life insurance, medical coverage and SSIP, $213.17 a week, for a net of $441.63.
According to the defendant's financial statement, his weekly expenses total $506.20.
The defendant reflects total debt of $4,150.00, which of course does not include the obligations owed on the real estate.
The defendant values the property at 120 Mitchell Street in Groton at $105,000.00, claimed indebtedness $88,000.00, for an equity of $17,000.00.
The defendant owns a 1997 Chevrolet S10 truck with a loan balance equal to its value, 0 equity.
The defendant shows a bass boat valued at $1,500.00, various and sundry furnishings at $1,500.00, $450.00 in Charter Oak Credit Union checking account, stock in SSIP, $1,183.00.
The plaintiff (see Plaintiff's Exhibit 6) indicates that her employment is with Sound Insurance Company. In addition thereto, she works at the Par 4 Restaurant and for the Groton Board of Education as a high school coach.
Plaintiffs weekly gross, $588.16, deductions for taxes, $137.00, net $451.16. That is her income from her insurance position. In addition, she receives income from Par 4 as a waitress estimated at $166.71, which apparently includes $36.71 that she receives from the Groton Board of Education. Total net weekly income for the plaintiff, $605.97. Claimed weekly expenses, $585.70, which includes the mortgage payments. Debt to Sears in the amount of $4,100.00.
The plaintiff values the 120 Mitchell Street property at $100,000.00, mortgage debt at $88,613.59, for a total equity, which she is entitled to half, of $5,482.89.
In addition, the plaintiff shows the second mortgage as $5,933.52. The plaintiff values her 1993 Pontiac automobile at $3,500.00, free and clear. $25.00 in the Groton Municipal Credit CT Page 14121 Union and Charter Oak Federal Credit Union. The only other asset shown is a Merrill Lynch IRA valued at $100.00.
 Discussion
This is a marriage of 24 years.
There is a total of three children issue of this marital union of which one, Michelle Rene Beeney, is a minor. She will attain age 18 on January 30, 2000.
It is manifestly apparent and clear that the defendant husband has a variety of medical problems and there is no indication of any marked improvement prospects in the near future.
The plaintiff feels, notwithstanding the total amount due on a home and residence, that she can by virtue of hard work maintain and keep the home for herself, the minor child and the adult son who is living with her and that this would be more practical and feasible than requiring the premises to be sold with the resulting negative or modest equity.
 The Law
The Court has considered all, of the statutes which apply in matters of this nature including without limitation C.G.S. §46b-56 et seq. regarding custody and visitation, C.G.S. §46b-82 regarding alimony, C.G.S. § 46b-84 regarding child support.
The Court has considered all of the applicable case law that governs the matter.
The Court has considered the testimony of all witnesses, their candor or lack thereof and all exhibits and the arguments of counsel.
The Court has considered the length of the marriage, the problems with which it was beset, the age, health, station, occupation, employability, estate and the needs of the parties based on what is available to the Court.
The Court enters the following orders and notes that neither counsel submitted any proposed orders to the Court. CT Page 14122
The plaintiff and the defendant shall share joint custody of the minor child Michelle Rene Beeney, now age 17, with the plaintiff mother being the primary custodial parent.
Reasonable and liberal rights of visitation with the minor daughter are granted to the defendant father.
Support for the minor child shall be in the amount of $90.00 weekly, payable by the defendant to the plaintiff until the child attains her 18th birthday and/or graduates from high school; this in accordance with the guideline worksheet.
The defendant shall continue to provide medical and health coverage for the minor daughter during her minority.
The defendant shall continue in full force and effect any outstanding life insurance naming the minor child or all of the children as irrevocable beneficiaries during the minority of the child Michelle Rene.
The defendant shall convey and set over to the plaintiff all of his right, title or interest in and to 120 Mitchell Street.
Based on the testimony of the witness Stober, it appears that there is only a very marginal equity in said premises, mindful of the mortgages, which would result in a negative equity if the property were sold with attendant expenses of real estate commission and attorney's fees.
The defendant shall be entitled to all of his personal effects and such items of personalty or furnishings as are presently situated in the subject premises that are exclusively his.
The plaintiff shall assume and be responsible for the mortgages on said real estate and hold the defendant harmless thereon.
The plaintiff having indicated to the court in clear terms that she requests no periodic alimony, the court enters no order incident thereto.
The defendant may retain his 1997 Chevrolet motor vehicle and his bass boat and such items of personalty as are presently in CT Page 14123 his possession.
The plaintiff may retain her 1993 Pontiac motor vehicle and the modest balances in the Groton Municipal Credit Union and Charter Oak Federal Credit Union and her Merrill Lynch IRA valued at $100.00.
The defendant may retain his SSIP valued at $1,183.00.
The plaintiff shall be entitled, mindful of the length of the marriage but tempered by the defendant's medical condition, to 30% of the defendant's vested General Dynamics pension benefits once they attain pay-out status. Until the plaintiff has secured her own health insurance, she shall be entitled to avail herself of the defendant's coverage, Cobra, but at her sole cost and expense.
Each party shall be responsible for their respective attorney's fees.
Each party shall be responsible for the debts shown on their financial affidavits.
The Court grants a dissolution of the marital union on the grounds of irretrievable breakdown and the parties are declared to be single and unmarried.
Austin, JTR